UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MAJID HASSAN,

            *Plaintiff(s)*,

-against-

DETLA AIR LINES INC., OPERATED BY DELTA AIR LINES, and DELTA AIR LINES INC., OPERATED BY VIRGIN ATLANTIC,

            *Defendant(s)*.

---

**SUMMONS**

Case No.: 1:25-cv-03320

Date Filed: 06/12/2025

To the above-named Defendants:

**YOU ARE HERE SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the state of New York]; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the case.

Date:  New York, New York
        June 10, 2025

                                              Yours, etc.,

                                              Liberty Law Firm PLLC

                            By:      *[signature]*

                                              Sadaf Saddique, Esq.,
                                              *Attorney for Plaintiff(s)*
                                              1100 Coney Island Ave, Suite 402
                                              Brooklyn, NY 11230
                                              Phone: (718) 899-8899
                                              Email: sadaf@libertylawny.com

TO:

1.       Delta Air Lines Inc., Operated by Delta Air Lines (Defendant 1)
           Legal Department located at 1030 Delta Boulevard
           Atlanta, GA 30320

2.       Delta Airlines Inc., Operated by Virgin Atlantic (Defendant 2)
           Legal Department located at 1030 Delta Boulevard, Department 982
           Atlanta, GA 30354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJID HASSAN, <br><br> *Plaintiff(s),* <br><br> -against- <br><br> DETLA AIR LINES INC., OPERATED BY DELTA AIR LINES, and DELTA AIR LINES INC., OPERATED BY VIRGIN ATLANTIC, <br><br> *Defendant(s).* | **COMPLAINT** <br><br> Case No.: 1:25-cv-03320 <br><br> **Complaint** <br><br> **Jury trial Demanded** |

Plaintiff Majid Hassan bring this action against Delta Air Lines Inc., Operated by Delta Air Lines, and Delta Air Lines Inc., Operated by Virgin Atlantic for race discrimination in violation of 42 U.S.C. § 1981. By his attorney, Sadaf Saddique, Esq. of Liberty Law Firm PLLC, he alleges the following facts:

## INTRODUCTION

1. On November 12, 2024, Delta Air Lines operated by Delta Air Lines (herein referred to as "Defendant 1"), and on November 13, 2024, Delta Air Lines operated by Virgin Atlantic (herein referred to as "Defendant 2") engaged in blatant, overt and egregious race discrimination when the defendant 1 refused Plaintiff Majid Hassan and his family to board the Flight number DL 3 of Delta Air Lines operated by Delta Air Lines, on November 12, 2024; and when Defendant 2 refused the plaintiff to board the Flight number DL 5996 of Delta Air Lines operated by Virgin Atlantic, on November 13, 2024, both flights from NYC-KENNEDY/JFK to LONDON-HEATHROW, without any valid reason, based solely on their

race, color and ethnicity.

2. Plaintiff along with his family arrived at the NYC-KENNEDY/JFK airport to take the scheduled Flight DL 3, operated by Defendant 1. While the Plaintiff and his family was in the waiting queue, a representative of the Defendant 1 denied Plaintiff the boarding, without reason and explanation. Plaintiff saw other passengers in the waiting queue were allowed to board. It appeared to Plaintiff that Defendant 1 singled out and denied the plaintiff and his family alone to board the Flight DL 3.

3. Once Plaintiff, along with his family, was refused to board the plane, he demanded an explanation. A representative of Defendant 1 told him that they were denied boarding because the plaintiff and his family had arrived late. When Plaintiff inquired about other passengers in the same waiting queue who were checking in before and after the Plaintiff, the representative of Defendant 1 was not able or willing to explain anything other than saying, "**I am helping others.**" The representative was unable and unwilling to explain why the Plaintiff was singled out from the same waiting queue who were allowed to board while he was refused even though he was present and standing in the same very waiting queue. When Plaintiff pointed out that it looked like he had been singled out because he was a different race, the Defendant 1's representatives insulted the plaintiff and asked him to leave the place. Plaintiff repeatedly requested the representative(s) to let him and his family board the plane, and Plaintiff informed the representatives about the urgency and importance of arriving in London, but the representatives not only denied him boarding the plane but also insulted and used harsh and abusive language and gestures against the plaintiff and his family.

4. During the entire time Plaintiff and his family were stuck at the gate, Plaintiff continued to complain about the blatant and egregious race discrimination he was

experiencing. After the denial of flight service by the Defendant 1, and only after determining that there were no available Delta Air Lines flights that evening on which the plaintiff and his family could rebook, Plaintiff had to buy new tickets for himself and his family from Delta Airlines for Flight 5996, operated by Defendant 2, Virgin Atlantic, bound for LONDON-HEATHROW from NYC-KENNEDY/JFK on November 13, the following day.

5. Plaintiff and his family had to endure the stares of all other passengers who viewed him and his family as people belonging to a low-class race. Plaintiff and his family suffered during the entire time, and the whole episode of the incident was traumatic, upsetting, scary, humiliating, and degrading. Plaintiff and his family had to exit the airport that night.

6. Plaintiff and his family arrived the airport again the following morning to take their re-scheduled Flight 5996, operated by Defendant 2, bound to LONDON-HEATHROW from NYC-KENNEDY/JFK on November 13, only to find out that Plaintiff could not fly in the re-scheduled flight because he was banned by Defendant 1. Plaintiff's family were allowed to board and fly on this rescheduled Flight 5996, but Plaintiff was denied any service by the Defendant 2 because he was banned by Defendant 1. Plaintiff had to buy another ticket again from American Airlines, Flight AA142 bound for London, the same day. Since Plaintiff was banned by the Delta Air Lines, therefore, Plaintiff had to buy his LONDON-HEATHROW to NYC-KENNEDY/JFK return ticket with American Airlines, Flight AA141 on November 22, 2024, as well. Plaintiff is diabetic and is a heart patient and has gone through angioplasty/stent implantation in the past. He suffered physical and mental pain and agony because of this episode of discrimination and humiliation.

7. In this lawsuit, Plaintiff seek declaratory relief, just compensation for their pain and suffering, a punitive damages award sufficient to deter Delta Air Lines operated by Delta

Air Lines ("Defendant 1") and Delta Air Lines operated by Virgin Atlantic ("Defendant 2") from discriminating against the passengers of different race and color in the future, and an award of attorneys' fees and costs.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question under 42 U.S.C. § 1981. Declaratory and equitable relief is authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in the Eastern District of New York.

10. This Court has personal jurisdiction over Defendants because it regularly conducts business in this judicial district.

## PARTIES

11. Plaintiff Majid Hassan, who is a person of Asian ethnicity, resides in Staton Island, New York. He is a professional contractor in the construction industry.

12. Defendant 1, ***Delta Air Lines, Inc. Operated by Delta Air Lines***, is incorporated in Georgia with headquarters in Atlanta, Georgia. It regularly and systematically conducts business in the Eastern District of New York.

13. Defendant 2, ***Delta Airlines Inc., Operated by Virgin Atlantic***, has a joint venture partnership with Delta Air Lines Inc., and is incorporated in Georgia with headquarters in Atlanta, Georgia. It regularly and systematically conducts business in the Eastern District of New York.

## FACTS

14. On November 12, 2024, Plaintiff along with his family arrived at the NYC-

KENNEDY/JFK airport to take his scheduled Flight DL 3, operated by Delta Air Lines (Defendant 1), bound for LONDON-HEATHROW airport for a family and business purpose. Plaintiff and his family entered the airlines' boarding counter while the other passengers of the flight were still in the waiting queue and were boarding the flight.

15. Plaintiff and his family approached the airline's counter, at gate number 38, to follow the waiting queue to initiate their boarding process. Plaintiff and his family were surprised when they were told that they could not board the plane because they were terribly late.

16. Plaintiff told the lady representative of the airlines on duty at the reception that they were not late and that the other co-passengers were still in the waiting queue as well, and that those passengers were still boarding the plane. The lady representative flatly denied Plaintiff and his family to board the plane, and she was unwilling and unable to explain why she would let other passengers board and deny the same service and privilege to the Plaintiff and his family.

17. Plaintiff started to video-record this wrongful and unlawful denial and blatant and egregious discrimination so that he could show it to the senior officers of the airline about this prejudiced, discriminatory and biased behavior. The lady representative called her male colleague who ordered Plaintiff to stop video recording.

18. The male representative shouted at Plaintiff and his family, and he treated them disrespectfully and rudely. All the other passengers standing in the waiting queue waiting to be boarded heard and saw this act of discrimination, prejudice and partiality which caused shame,

insult and trauma to Plaintiff and his family.

19. Plaintiff repeatedly requested the representatives to let them board the plane and informed them about the urgency and importance of arriving in London, but the representatives not only denied service to board the plane but also insulted and used harsh and abusive language and gestures against Plaintiff and his family.

20. Throughout the time the Plaintiff and his family were at the gate, Plaintiff continued to complain that they were being discriminated against. After approximately one hour, Plaintiff continued to press for answers and to demand to be permitted to board the flight, but the airline's representatives flatly refused. Plaintiff and his family were ordered to remove from the waiting queue.

21. Plaintiff had to buy new tickets for himself and his family from Delta Airlines for a Flight 5996, operated by Virgin Atlantic (Defendant 2), bound for LONDON-HEATHROW from NYC-KENNEDY/JFK on November 13.

22. It is significant to mention that the Defendant 1 chose to spend a long time offloading and returning the luggage to Plaintiff than to unlawfully deny Plaintiff and his family, who were on time, to board the plane that could have taken one to three minutes. This fact is one significant evidence that Plaintiff and his family were singled out because of their race, ethnicity and color.

23. Plaintiff told the Defendant 1's representatives that it looked to them like "discrimination" and that Defendant 1 was denying them service to board the plane because they were of different race. One Delta representative responded, **"I am helping others."**

24. Plaintiff's experience of being denied from the plane, along with his family, for no valid reason and explanation, was frightening, disorienting, and extremely upsetting. Plaintiff's experience of having to walk through other passengers and customers was humiliating, degrading, and deeply traumatizing.

25. Plaintiff and his family also had no other option than to comply with the removal from waiting queue orders, exit the airport, and seek help from friends and relatives in Coney Island Avenue, Brooklyn, to spend the night as the next available flight was the following day on November 13, 2024.

26. Plaintiff and his family went to the airport again in the morning of the next day to take this re-scheduled Flight 5996, operated by Virgin Atlantic (Defendant 2), bound to LONDON-HEATHROW from NYC-KENNEDY/JFK on November 13, 2024, only to find out that Plaintiff could not fly in the re-scheduled flight as well because he was banned by the Delta Air Lines (Defendant 1) on the accusation of Plaintiff's disorderly behavior with the representatives of the Defendant 1.

27. Plaintiff's family were allowed to board and fly on this re-scheduled Flight 5996, but Plaintiff was denied any service by the Defendant 2 and was not allowed to fly.

28. Plaintiff had to buy yet another ticket from American Airlines, Flight AA142 bound for London on November 13, 2024, the same day.

29. Plaintiff was banned by Delta Air Lines; therefore, he had to buy his London-Heathrow to New York JFK return ticket with American Airlines, Flight AA141 on November 22, 2024.

30. Plaintiff is diabetic and is a heart patient and has gone through angioplasty/stent implantation in the past, and he suffered physical and mental pain and agony because of this entire episode of discrimination, humiliation, and rejection.

31. Defendants' decision to deny Plaintiff and his family to board the flight was not based on any legitimate rationale. It was an act of blatant and overt discrimination, and it was done with malice and in flagrant disregard of Plaintiff's rights. Indeed, the Defendant 1 treated other customers favorably, and at least one representative of Defendant 1 said to the plaintiff, **"I am helping others"** alluding to the fact that the plaintiff was treated with prejudice.

32. As a direct consequence of this flagrant discrimination, Plaintiff has suffered immensely. This was a traumatizing event. It was scary, extremely frustrating, embarrassing, degrading, and humiliating. It is upsetting to the Plaintiff to this day.

33. Moreover, the incident did not just inflict immediate distress; it also resurfaced and intensified emotional trauma from the past encounters with racism and discrimination. Defendants' actions not only revisited these old wounds but also deepened them, exacerbating Plaintiff's suffering and sense of alienation.

34. Majid Hassan suffered financial losses for paying extra to the American Airlines to buy tickets, taxi and accommodation; and he suffered losses in business dealings in London because of his late arrival because he was denied flight services on November 12, 2024, and on November 13, 2024. Majid Hassan also claims and demands damages for a malicious denial of service, baseless humiliation, agony, mental and physical pain and discrimination on the basis of race, religion and ethnicity.

35. Majid Hassan called the airline customer telephone line multiple times to reach out to a higher official to resolve the issue, but the customer care telephone line does not provide sufficient information and facilitation, hence the present notice is served to demand the resolution of the matter.

## CLAIM FOR RELEIF

36. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

37. 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens …." 42 U.S.C. § 1981(a). Under the statute, the phrase "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

38. When Plaintiff contracted with Defendant 1 for passage on Flight DL 3 and Defendant 2 for passage on Flight 5996, he had a right to be treated equally to white passengers and without discrimination—a right which both the Defendants violated. Plaintiff was subjected to discriminatory, and substantially worse, performance, benefits, privileges, terms, and conditions of their contract with the Defendants, solely due to his race, color, and ethnicity.

39. As a direct and proximate result of Defendants' intentional and reckless discrimination in violation of Section 1981 and thereby denying flight services, Plaintiff has suffered financial losses by losing business deals in the amount of not less than $300,000.00;

financial losses for paying extra for buying undesired flight tickets and for accommodations; and he continues to suffer, severe mental anguish and emotional distress for which they are entitled to an award of damages. Plaintiff and his family also suffered sadness, anger, grief and self-humiliation.

40. Defendants' unlawful and discriminatory actions constitute malicious, willful, and wanton violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

Plaintiff respectfully seeks:

(1) A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate 42 U.S.C. § 1981;

(2) An award of actual damages in an amount of not less than $300,000.00, in addition to compensatory damages in an amount to be determined at trial to compensate Plaintiff for the actual loss and discrimination he experienced, to including damages for fear, humiliation, embarrassment, mental pain, suffering, and inconvenience;

(3) An award of punitive damages in an amount to be determined at trial that would punish Defendants for its malicious, willful, wanton, callous, and reckless conduct and effectively deter Defendants from engaging in similar conduct in the future;

(4) An award of prejudgment interest on all amounts due;

(5) An award of reasonable attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiffs demands a trial by jury for all issues of fact and damages stated herein.

Dated: June 10, 2025

*[signature]*

**MAJID HASSAN (PLAINTIFF)**
43 Union Avenue
Staten Island, NY 10303
(646) 403-0701
rightconstructionco59@yahoo.com

 

Respectfully submitted, *[signature]*

Sadaf Saddique, Esq.
Liberty Law Firm PLLC
1100 Coney Island Ave, Suite 402
Brooklyn, NY 11230
(718) 899-8899
sadaf@libertylawny.com
*Counsel for Plaintiff(s)*

# **VERIFICATION**

STATE OF NEW YORK )
: SS.:
COUNTY OF KINGS )

I, MAJID HASSAN, being duly sword, depose and say:

I am the plaintiff herein; I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to the matters, I believe to be true.

*[signature]*
MAJID HASSAN

Sworn to before me this 10th day of June 2025.
*[signature]*
Notary Public

SAYEDUL HOQUE
Notary Public, State of New York
# 01HO6091882
Qualified In Kings County
Commission Expires 5-5-2027

Dated: New York, New York
June 10, 2025